O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| JOSHUA NELSON, | Case № 2:15-cv-08049-ODW (AJW) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| PETSMART, INC.; JUDY POOL; LORENA BURROWS; JEFFREY BELLOWS; JONATHAN SCOGGINS; and DOES 1-100, inclusive, | |
| Defendants. | |

## I.  INTRODUCTION

On October 14, 2015, Defendant PetSmart, Inc. ("PetSmart" or "Defendant") removed this action to federal court based on diversity jurisdiction. After reviewing PetSmart's Notice of Removal, it is clear that several other defendants in this action are not diverse from Plaintiff Joshua Nelson, and thus the Court lacks subject matter jurisdiction. Consequently, this action is **REMANDED** to state court.[1]

/ / /

---

[1] After carefully considering PetSmart's Notice of Removal and the documents filed in support thereof, the Court deems the matter appropriate for *sua sponte* decision. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

## II.  FACTUAL BACKGROUND

This is a disability discrimination lawsuit arising out of Plaintiff's employment at a PetSmart store. Plaintiff alleges that he began experiencing "severe lower back pain" in 2011 while employed at PetSmart, and that he was diagnosed with bipolar disorder and generalized anxiety disorder in July 2014. (ECF No. 1, Ex. A, Complaint ("Compl.") ¶ 10.) Plaintiff alleges that Defendants harassed him based on his disability, and failed to accommodate his disability, as follows: (1) Defendant Judy Pool, the store's general manager, denied Plaintiff's request for a safety weight-lifting belt (*id.* ¶ 11a); (2) Defendant Lorena Burrows, Plaintiff's direct supervisor, aggressively asked him why his weekly availability for scheduling was "so strange" (*id.* ¶ 11f); (3) Burrows instructed Plaintiff to keep the ringer on his phone on overnight so that he could call him, despite the fact that Plaintiff's medical condition required uninterrupted sleep (*id.* ¶ 11g); (4) Defendant Jeffrey Bellows asked questions to Plaintiff about the nature of his mental disability (*id.* ¶¶ 11i, 11j); (5) Borrows accused Plaintiff of being aggressive and violent and requested that he leave the store (*id.* ¶ 11k); (5) Defendant Scoggins called Plaintiff's doctor to ask him about Plaintiff's medical condition without Plaintiff's consent (*id.* ¶ 11l.); and (6) PetSmart terminated Plaintiff for "violat[ing] the 'dignity in the workplace policy,'" which Plaintiff alleges is pre-textual. (*Id.* ¶ 11b.)

Plaintiff is a citizen of California. (*Id.* ¶ 1.) PetSmart is a Delaware corporation with its principal place of business in Arizona. (Neisen Decl. ¶ 2.) Defendants Pool, Burrows, Bellows, and Scoggins ("Individual Defendants") are all citizens of California. (Compl. ¶ 2.) On August 3, 2015, Plaintiff filed this action in the Los Angeles Superior Court. (ECF No. 1, Ex. A.) Service of the Complaint on PetSmart was completed on September 14, 2015. (*Id.*) On October 13, 2015, PetSmart answered the Complaint. (ECF No. 1, Ex. B, Answer.) The next day, PetSmart removed the action to this Court. (ECF No. 1, Notice of Removal ("Notice").)

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The court may remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs Life Ins. Co.*, 360 F.3d at 967.

### IV. DISCUSSION

PetSmart invokes diversity as the basis of the Court's subject matter jurisdiction. (Notice ¶ 14.) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, Plaintiff alleges that he is a California citizen, and that the Individual Defendants are all also California citizens. (Compl. ¶¶ 1–3.) PetSmart does not argue otherwise. (Notice ¶¶ 13–14.) Thus, this destroys complete diversity.

PetSmart, however, argues that the Court should discount the citizenship of the

Individual Defendants because they were fraudulently joined to the Complaint. (*Id.*) "An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant. . . . [A] non-diverse defendant is said to be fraudulently joined where 'the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Sanchez v. Lane Bryant, Inc.*, No. 215CV04247CASASX, 2015 WL 4943579, at *2 (C.D. Cal. Aug. 17, 2015) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1340 (9th Cir. 1987)); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a sham defendant if . . . the plaintiff could not possibly recover against the party whose joinder is questioned."). There is a strong presumption against fraudulent joinder, and thus "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

"Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015). Therefore, "the standard for proving fraudulent joinder is more exacting than that for dismissing a claim for failure to state a claim." *IDS Prop. Cas. Ins. Co. v. Gambrell*, 913 F. Supp. 2d 748, 752 (D. Ariz. 2012).

Plaintiff asserts three claims against Individual Defendants Pool, Burrows, Bellows, and Scoggins: (1) disability harassment in violation of California's Fair Employment and Housing Act (FEHA) (Compl. ¶¶ 26–30.); (2) leave harassment violation of the California Family Rights Act (CFRA) (*Id.* ¶¶ 46–50.); and (3) intentional infliction of emotional distress. (*Id.* ¶¶ 74–78.)

Defendant argues that the FEHA and CFRA claims must fail because Plaintiff complains of behaviors within the scope of the Individual Defendants' job duties, and that "single or isolated incidents" of potentially harassing behavior cannot support the claims. (Notice ¶ 16.) Similarly, Defendant claims that the Intentional Infliction of Emotional Distress cause of action must fail because emotional distress that "flows from" another cause of action cannot survive where the underlying cause fails. (*Id.* ¶ 10.) Therefore, without successful FEHA and CFRA claims, Plaintiff cannot support his emotional distress claim.

The Court disagrees. While the complaint as it stands may not list facts amounting to discrimination or harassment, it is possible that Plaintiff could unearth further evidence to support her claim. *Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-CV-00245-LJO-SK, 2013 WL 3146809, at *12 (E.D. Cal. June 18, 2013) (noting that even if "Plaintiff's deposition testimony does not provide evidence of harassment sufficient to survive summary judgment, it is not foregone that further evidence with regard to Plaintiff's work situation could not *possibly* be gathered."). Nothing precludes Plaintiff from amending his complaint with facts pertinent to the alleged claims. *Revay*, 2015 WL 1285287, at *3 ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, *or in a future amended complaint*, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.") (emphasis added).

Thus, while Plaintiff might have a marginal case as it stands, Defendants have not shown by clear and convincing evidence that there is no *possibility* of a jury finding the Individual Defendants liable under at least one of the theories alleged. *Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM FMOX, 2013 WL 815975, at *9 (C.D. Cal. Mar. 5, 2013) ("[A] non-fanciful possibility of liability" precludes application of the sham-defendant doctrine "even where the plaintiff's claim appear[s] 'relatively weak.'"). Pool, Burrows, Bellows, and Scoggins are therefore

not sham defendants, and the Court cannot discount their citizenship. Accordingly, the Court lacks subject matter jurisdiction.[2]

For the reasons discussed above, the Court **REMANDS** the action to the Los Angeles Superior Court, Case No. BC590105. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

October 30, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] This Order should not be construed as precluding the possibility of summary judgment in favor of any Defendant. The fraudulent joinder analysis is distinct from the summary judgment analysis. *See Amarant*, 2013 WL 3146809, at *6–13.